UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/5/17
```

UNITED STATES OF AMERICA

-v-

JOHN TOGNINO,

  Defendant.

No. 16-cr-522-30 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Defendant is charged with one count of racketeering conspiracy, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (d). (Doc. No. 2.) Now before the Court is Defendant's motion to dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), for failure to plead a criminal enterprise in accordance with 18 U.S.C. § 1961. (Doc. No. 200.) For the reasons set forth below, the motion is denied.[1]

Pursuant to Federal Rule of Criminal Procedure 7(c)(1), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it '[1] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and [2] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Stringer*, 730 F.3d 120, 123–24 (2d Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). This is not a difficult standard to meet: the indictment need "do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Pirro*, 212 F.3d 86, 100 (2d Cir. 2000). Moreover, the

---

[1] In ruling on Defendant's motion to dismiss, the Court has considered the Indictment (Doc. No. 2) and Defendant's memorandum of law in support of his motion to dismiss (Doc. No. 201 ("Mem.")).

indictment "need not be perfect, and common sense and reason are more important than technicalities." *United States v. De La Pava*, 268 F.3d 157, 162 (2d Cir. 2001); *see also United States v. Goodwin*, 141 F.3d 394, 401 (2d Cir. 1997) ("'[T]he precision and detail formerly demanded are no longer required, imperfections of form that are not prejudicial are disregarded, and common sense and reason prevail over technicalities.'" (quoting Charles Alan Wright, *Federal Practice and Procedure: Criminal 2d* § 123, at 347 (1982))).

The Indictment in this action charges that Defendant and others, in violation of 18 U.S.C. § 1962(d), conspired to violate 18 U.S.C. § 1962(c) (Indictment ¶ 11), which provides that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt," 18 U.S.C. § 1962(c). At issue here is whether the Indictment alleges an "enterprise" under the statute. Section 1961(4) defines "enterprise" broadly to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Defendant argues that the Indictment fails to sufficiently allege an "enterprise" because (1) the Indictment merely alleges overlapping activity among various crime families, and not a single "continuing unit, separate and apart from the pattern of racketeering" (*see* Mem. at 6–10), and (2) evidence presented at past organized crime RICO trials contradicts the allegations supporting the enterprise identified in the Indictment (*see id.* at 10–12). Both arguments fail.

The latter point simply misunderstands or ignores the procedural posture of this case. At this stage, the Court need only conclude that the Indictment is sufficient on its face, that is, tracks the elements of the alleged offense and provides the defendant with sufficient information to enable

him to enter a plea. *See Hamling*, 418 U.S. at 117; *Stringer*, 730 F.3d at 123–24; *Pirro*, 212 F.3d at 100. Obviously, an indictment need not "set forth evidentiary matter," *United States v. Carr*, 582 F.2d 242, 244 (2d Cir. 1978), much less overcome the purportedly contradictory evidence offered in Defendant's brief on a motion to dismiss. Accordingly, the Court rejects Defendant's argument that evidence from past RICO trials supports dismissal of the instant Indictment.

As for the first point, the government has clearly satisfied its minimal pleading burden at this stage and sufficiently alleged an "enterprise" under 18 U.S.C. § 1961(4). The Indictment alleges that Defendant and others "were members of an organized criminal enterprise (the 'East Coast LCN Enterprise') whose members and associates engaged in crimes including extortion, arson, making extortionate extensions of credit, operating illegal gambling businesses, health care fraud, credit card fraud, selling untaxed cigarettes, firearms trafficking, assault, and other offenses." (Indictment ¶ 1.) The Indictment further alleges that "the East Coast LCN Enterprise, including its leadership, membership, and associates, constituted an 'enterprise,' as that term is defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact." (*Id.* ¶ 2.) The Indictment also alleges that the members of the East Coast LCN Enterprise engaged in "ongoing coordination, communication, and efforts to work together," and that the Enterprise thus "constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise." (*Id.*) The Indictment goes on to allege the Enterprise's "Purposes" (*id.* ¶ 7), "Means and Methods" (*id.* ¶ 8), and the offenses that were part of the alleged racketeering conspiracy (*id.* ¶¶ 11–15). These allegations easily meet the government's burden to inform Defendant of the offense charged and "enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Stringer*, 730 F.3d at 123–24.

Defendant's argument to the contrary boils down to an assertion that the Indictment does not allege a single enterprise, but rather "describes incidentally overlapping patterns of activity of otherwise independently functioning units," namely, Italian organized crime enterprises recognized in past RICO trials. (*See* Mem. at 8; *see also id.* at 7, 9.) Defendant relies on the Supreme Court's decision in *United States v. Turkette*, 452 U.S. 576 (1981), where the Court held that RICO's requirement of an "enterprise" is distinct from its requirement of a "pattern of racketeering activity," meaning that the government cannot carry its burden simply by proving "a series of criminal acts as defined by the statute"; it must also establish "an ongoing organization, formal or informal, and . . . that the various associates function as a continuing unit." *Id.* at 583. "While the proof used to establish these separate elements may in particular cases coalesce," the Court observed, "proof of one does not necessarily establish the other" because the "enterprise" must be "an entity separate and apart from the pattern of activity in which it engages." *Id.* As the foregoing language itself makes clear, however, Defendant's reliance on *Turkette* at the pleading stage is misplaced. *Turkette* discusses the "proof" necessary to establish the distinct elements of "enterprise" and "pattern of racketeering activity"; indeed, the *Turkette* decision followed "a 6-week jury trial, in which the evidence focused upon both the professional nature of [an] organization and the execution of a number of distinct criminal acts." *Id.* at 579.

Here, by contrast, Defendant merely argues that, because the Indictment alleges that members of the East Coast LCN Enterprise included members of historically recognized Italian organized crime enterprises – each with their own leadership and organizational structures – the "East Coast LCN Enterprise" by definition cannot be an "enterprise" under 18 U.S.C. § 1961(4). (*See* Mem. at 7, 8; *see also id.* at 9 ("It is clear that in this context, the East Coast LCN Enterprise is an over-encompassing term that generally refers to Italian Organized Crime in its entirety, is not

distinct at all, and cannot by itself constitute a RICO enterprise.").) This amounts to nothing more than an evidentiary argument, and thus does not help Defendant on a motion to dismiss. Moreover, even accepting Defendant's factual premise, Defendant cites no authority that supports the odd proposition that a RICO enterprise cannot include individuals who are (or were) also associated with other enterprises – particularly enterprises that were in some cases prosecuted decades ago. (*See, e.g., id.* at 6 (citing a 1998 indictment); *id.* at 10 (citing a 1993 appellate decision); *id.* at 11 (citing a 1997 district court decision).) Thus, the Court rejects Defendant's remaining ground for dismissal (which is, in essence, that members of separate organized crime families cannot as a matter of law also be members of a single enterprise under RICO).

For the foregoing reasons, the Court finds that the Indictment sufficiently alleges an "enterprise," as that term is defined in 18 U.S.C. § 1961(4). Accordingly, IT IS HEREBY ORDERED THAT Defendant's motion to dismiss the Indictment is DENIED. The Clerk of the Court is respectfully directed to terminate the motion pending at docket number 200.

SO ORDERED.

Dated:   January 5, 2017
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE