UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :        **INDICTMENT**

            - v. -                          :        S1 16 Cr. 522 (RJS)

PASQUALE PARRELLO,                          :
        a/k/a "Patsy,"
        a/k/a "Pat,"                        :
JOSEPH MERLINO,
        a/k/a "Joey,"                       :
EUGENE O'NOFRIO,
        a/k/a "Rooster,"                    :        ORIGINAL
CONRAD IANNIELLO,
·¹ISRAEL TORRES,                            :
        a/k/a "Buddy,"
ANTHONY ZINZI,                              :
        a/k/a "Anthony Boy,"
ANTHONY VAZZANO,                            :
        a/k/a "Tony the Wig,"
        a/k/a "Muscles,"                    :
ALEX CONIGLIARO,
FRANK BARBONE,                              :
RALPH BALSAMO,
PASQUALE MAIORINO,                          :
        a/k/a "Patty Boy,"
JOHN SPIRITO,                               :
        a/k/a "Johnny Joe,"
VINCENT CASABLANCA,                         :
        a/k/a "Vinny,"
MARCO MINUTO,                               :
PAUL CASSANO,
        a/k/a "Paul Cassone,"               :
DANIEL MARINO, JR.,
        a/k/a "Danny,"                      :
JOHN LEMBO,
    ᵥ a/k/a "Johnny,"                       :
MITCHELL FUSCO,
        a/k/a "Mitch,"                      :
REYNOLD ALBERTI,
        a/k/a "Randy,"                      :
VINCENT TERRACCIANO,
        a/k/a "Big Vinny,"                  :
JOSEPH TOMANELLI,
        a/k/a "Joe,"                        :

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 2 0 2017

```
AGOSTINO CAMACHO,                          :
      a/k/a "Augie,"
NICHOLAS DEVITO,                           :
      a/k/a "Nicky,"
ANTHONY CASSETTA,                          :
      a/k/a "Tony the Cripple,"
NICHOLAS VUOLO,                            :
      a/k/a "Nicky the Wig,"
BRADFORD WEDRA,                            :
MICHAEL POLI,
      a/k/a "Mike Polio,"                  :
PASQUALE CAPOLONGO,
      a/k/a "Patsy,"                       :
      a/k/a "Pat C.,"
      a/k/a "Mustache Pat,"                :
      a/k/a "Fish"
ANTHONY DEPALMA,                           :
      a/k/a "Harpo,"
      a/k/a "Harp,"                        :
JOHN TOGNINO,
      a/k/a "Tugboat,"                     :
MARK MAIUZZO,
      a/k/a "Stymie,"                      :
JOSEPH DIMARCO,
HAROLD THOMAS,                             :
      a/k/a "Harry,"
RICHARD LACAVA,                            :
      a/k/a "Richie,"
VINCENT THOMAS,                            :
      a/k/a "Vinny,"
ANTHONY CAMISA,                            :
      a/k/a "Anthony the Kid,"
FRANK TRAPANI,                             :
      a/k/a "Harpo,"
ANTHONY CIRILLO,                           :
CARMINE GALLO,
JOSEPH FALCO,                              :
      a/k/a "Joe Cub,"
FRANCESCO DEPERGOLA,                       :
      a/k/a "Frank,"
RALPH SANTANIELLO,                         :
LAURENCE KEITH ALLEN,
      a/k/a "Keith Allen,"                 :
CRAIG BAGON,
BRADLEY SIRKIN,                            :
      a/k/a "Brad," and
                                           :
```

2

WAYNE KREISBERG, :

                Defendants. :

                         :

- - - - - - - - - - - - - - - - - - - x

## COUNT ONE

### (Racketeering Conspiracy)

The Grand Jury charges:

### The Enterprise

1. At all times relevant to this Indictment, PASQUALE PARRELLO, a/k/a "Patsy," a/k/a "Pat," JOSEPH MERLINO, a/k/a "Joey," EUGENE O'NOFRIO, a/k/a "Rooster," CONRAD IANNIELLO, ISRAEL TORRES, a/k/a "Buddy," ANTHONY ZINZI, a/k/a "Anthony Boy," ANTHONY VAZZANO, a/k/a "Tony the Wig," a/k/a "Muscles," ALEX CONIGLIARO, FRANK BARBONE, RALPH BALSAMO, PASQUALE MAIORINO, a/k/a "Patty Boy," JOHN SPIRITO, a/k/a "Johnny Joe," VINCENT CASABLANCA, a/k/a "Vinny," MARCO MINUTO, PAUL CASSANO, a/k/a "Paul Cassone," DANIEL MARINO, JR., a/k/a "Danny," JOHN LEMBO, a/k/a "Johnny," MITCHELL FUSCO, a/k/a "Mitch," REYNOLD ALBERTI, a/k/a "Randy," VINCENT TERRACCIANO, a/k/a "Big Vinny," JOSEPH TOMANELLI, a/k/a "Joe," AGOSTINO CAMACHO, a/k/a "Augie," NICHOLAS DEVITO, a/k/a "Nicky," ANTHONY CASSETTA, a/k/a "Tony the Cripple," NICHOLAS VUOLO, a/k/a "Nicky the Wig," BRADFORD WEDRA, MICHAEL POLI, a/k/a "Mike Polio," PASQUALE CAPOLONGO, a/k/a "Patsy," a/k/a "Pat C.," a/k/a "Mustache Pat," a/k/a

3

"Fish," ANTHONY DEPALMA, a/k/a "Harpo," a/k/a "Harp," JOHN
TOGNINO, a/k/a "Tugboat," MARK MAIUZZO, a/k/a "Stymie," JOSEPH
DIMARCO, HAROLD THOMAS, a/k/a "Harry," RICHARD LACAVA, a/k/a
"Richie," VINCENT THOMAS, a/k/a "Vinny," ANTHONY CAMISA, a/k/a
"Anthony the Kid," FRANK TRAPANI, a/k/a "Harpo," ANTHONY
CIRILLO, CARMINE GALLO, JOSEPH FALCO, a/k/a "Joe Cub," FRANCESCO
DEPERGOLA, a/k/a "Frank," RALPH SANTANIELLO, LAURENCE KEITH
ALLEN, a/k/a "Keith Allen," CRAIG BAGON, BRADLEY SIRKIN, a/k/a
"Brad," and WAYNE KREISBERG, the defendants, and others known
and unknown, were members of an organized criminal enterprise
(the "East Coast LCN Enterprise") whose members and associates
engaged in crimes including extortion, arson, making
extortionate extensions of credit, operating illegal gambling
businesses, health care fraud, credit card fraud, selling
untaxed cigarettes, firearms trafficking, assault, kidnapping,
and other offenses.

    2.    The East Coast LCN Enterprise, including its
leadership, membership, and associates, constituted an
"enterprise," as that term is defined in Title 18, United States
Code, Section 1961(4), that is, a group of individuals
associated in fact.    The East Coast LCN Enterprise was an
organized criminal group that operated in, and whose members
traveled throughout, the East Coast of the United States,
including the Southern District of New York, the District of

Massachusetts, the Eastern District of Pennsylvania, the Southern District of Florida, and elsewhere. As demonstrated by their ongoing coordination, communication, and efforts to work together, the Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

3. The East Coast LCN Enterprise was in part composed of members and associates of the Genovese Organized Crime Family, the Gambino Organized Crime Family, the Luchese Organized Crime Family, the Bonanno Organized Crime Family, and the Philadelphia Organized Crime Family (collectively, the "Organized Crime Families") of a nationwide criminal organization known as La Cosa Nostra ("LCN") or the "Mafia," which operated through entities known as "Families." The Mafia Families each operated through groups of individuals known as "crews" and "regimes," most of which were based in New York City. Each "crew" had as its leader a person known as a "Caporegime," "Capo," "Captain," or "Skipper," and consisted of "made" members, sometimes known as "Soldiers," "wiseguys," "friends of ours," and "good fellows." Soldiers were aided in their criminal endeavors by other trusted individuals, known as "associates," who sometimes were referred to as "connected" or identified as "with" a Soldier or other member of the Family. Associates participated in the various activities of the crew and its members. In order

5

for an associate to become a made member of the Family, the associate typically needed to demonstrate the ability to generate income for the Family, and/or that the associate was capable of committing acts of violence.

4.    Each Capo was responsible for supervising the criminal activities of his crew, resolving disputes between and among members of the Family, resolving disputes between members of that Family and members of other criminal organizations, and providing Soldiers and associates with support and protection. In return, the Capo typically received a share of the illegal earnings of each of his crew's Soldiers and associates, which was sometimes referred to as "tribute."

5.    Above the Capos were the highest-ranking members of each Family, commonly referred to as the "Administration." The head of each Family was known as the "Boss," who was ordinarily assisted by an "Underboss" and a "Consigliere," or counselor. The Boss, Underboss, and Consigliere were responsible for, among other things, setting policy, resolving disputes between and among members of the Family, and resolving disputes between members of that Family and members of other criminal organizations. The Administration of each Family was also responsible for overseeing the criminal activities of the Family's Capos, Soldiers, and associates, and was at times called upon to make decisions regarding those criminal

6

endeavors.

6.    The Boss, Underboss, and Consigliere supervised,
supported, protected, and disciplined the Capos, Soldiers, and
associates, and regularly received reports regarding their
various activities.    In return for their supervision and
protection, the Boss, Underboss, and Consigliere typically
received part of the illegal earnings of each crew.

## Purposes of the Enterprise

7.    The purposes of the Enterprise included the following:

a.    Enriching the leaders, members, and associates of
the Enterprise through, among other things, extortion, arson,
making extortionate extensions of credit, operating illegal
gambling businesses, health care fraud, credit card fraud,
selling untaxed cigarettes, firearms trafficking, assault, and
other crimes;

b.    Preserving and augmenting the power, territory,
and financial profits of the Enterprise through intimidation,
violence, and threats of physical and economic harm, including
assault; and

c.    Keeping victims and citizens in fear of the
Enterprise and its leaders, members, and associates by: (i)
identifying the Enterprise, its members, and its associates with
La Cosa Nostra or the "Mafia;" (ii) causing and threatening to
cause economic harm; and (iii) committing and threatening to

7

commit physical violence.

## Means and Methods of the Enterprise

8. Among the means and methods by which the defendants and other Enterprise members and associates conducted and participated in the conduct of the affairs of the Enterprise were the following:

a. To protect and expand the Enterprise's business and criminal operations, members and associates of the Enterprise assaulted, threatened to assault, and destroyed the property of persons who engaged in activity that jeopardized: (i) the power and criminal activities of the Enterprise and the power and criminal activities of their respective LCN Families; (ii) the power of leaders of the Enterprise; and (iii) the flow of criminal proceeds to the leaders of the Enterprise.

b. Members and associates of the Enterprise promoted a climate of fear in the community through threats of economic harm and violence, as well as actual violence, including assault, arson and kidnapping.

c. Members and associates of the Enterprise generated or attempted to generate income for the Enterprise through firearms trafficking, extortion, operating illegal gambling businesses, health care fraud, credit card fraud, selling untaxed cigarettes, making extortionate extensions of credit, kidnapping and other offenses.

d. Members and associates of the Enterprise at times engaged in criminal conduct or coordinated their criminal activities with leaders, members, and associates of their respective LCN Families. At other times, members and associates of the Enterprise met with leaders, members, and associates of their respective LCN Families to resolve disputes over their criminal activities.

e. PASQUALE PARRELLO, a/k/a "Patsy," a/k/a "Pat," JOSEPH MERLINO, a/k/a "Joey," and EUGENE O'NOFRIO," a/k/a "Rooster," the defendants, supervised and controlled members of the Enterprise engaged in illegal schemes, including those that were the objects of the conspiracy. At various times, members and associates of the Enterprise (including those who are leaders, members, and associates of different LCN families) met, coordinated, and worked together with PARRELLO, MERLINO, and O'NORFIO, and each other, as well as other members and associates of their respective LCN Families, to effectuate such illegal schemes.

f. To avoid law enforcement scrutiny of the Enterprise's criminal activities, members and associates of the Enterprise conducted meetings surreptitiously, typically using coded language to make arrangements for meetings, and meeting at rest stops along highways and at restaurants.

9. To effect the goals of the Enterprise, its members

conspired to, and in some cases did, work together and coordinate with each other to perpetrate a number of different criminal acts and schemes, including, but not limited to, the following:

a. Loansharking. Members of the East Coast LCN Enterprise, including, but not limited to, PASQUALE PARRELLO, a/k/a "Patsy," a/k/a "Pat," EUGENE O'NOFRIO, a/k/a "Rooster," HAROLD THOMAS, a/k/a "Harry," VINCENT THOMAS, a/k/a "Vinny," FRANCESCO DEPERGOLA, a/k/a "Frank," and RALPH SANTANIELLO, the defendants, and others known and unknown, regularly made and took extortionate loans ("loansharking") as part of the business of the East Coast LCN Enterprise.

b. Gambling. Illegal gambling was a significant part of the regular course of business of certain members of the East Coast LCN Enterprise. Dozens of members of the Enterprise engaged in two different types of illegal gambling activities as a way to generate money for the Enterprise: (1) casino-style club gambling and (2) sports gambling.

i. Casino-Style Club Gambling. At various times relevant to this Indictment, PARRELLO, ISRAEL TORRES, a/k/a "Buddy," ANTHONY ZINZI, a/k/a "Anthony Boy," ANTHONY VAZZANO, a/k/a "Tony the Wig," a/k/a "Muscles," AGOSTINO CAMACHO, a/k/a "Augie," and MARK MAIUZZO, a/k/a "Stymie," the defendants, and others known and unknown, operated a casino-

10

style gambling club in Yonkers, New York (the "Yonkers Club").

Several nights a week, the Yonkers club held poker tournaments,

dice tournaments, and took bets on horse races. The owners of

the Yonkers Club (the "House") took a percentage of the gambling

proceeds. Additionally, the Yonkers Club generated additional

money through the installation of illegal poker machines.

ii. Sports Gambling. At various times relevant

to this Indictment, multiple members of the East Coast LCN

Enterprise, known and unknown, operated several gambling

operations as a way to enrich the Enterprise. Members of the

Enterprise, playing different roles in the sports gambling

operations, utilized gambling websites based in the United

States and abroad to keep track of wagers and proceeds. For

example, at various times relevant to this Indictment:

1. PARRELLO, CONRAD IANNIELLO, TORRES,

ZINZI, VAZZANO, ALEX CONIGLIARO, FRANK BARBONE, RALPH BALSAMO,

JOHN SPIRITO, a/k/a "Johnny Joe," MARCO MINUTO, PAUL CASSANO,

a/k/a "Paul Cassone," MITCHELL FUSCO, a/k/a "Mitch," VINCENT

TERRACCIANO, a/k/a "Big Vinny," CAMACHO, ANTHONY CASSETTA, a/k/a

"Tony the Cripple," MICHAEL POLI, a/k/a "Mike Polio," PASQUALE

CAPOLONGO, a/k/a "Patsy," a/k/a "Pat C.," a/k/a "Mustache Pat,"

a/k/a "Fish," ANTHONY DEPALMA, a/k/a "Harpo," a/k/a "Harp," JOHN

TOGNINO, a/k/a "Tugboat," MAIUZZO, HAROLD THOMAS, RICHARD

LACAVA, a/k/a "Richie," and JOSEPH FALCO, a/k/a "Joe Cub," the

11

defendants, and others known and unknown, were involved in illegal sports gambling businesses based in New York and Florida;

2. PARRELLO, TORRES, VAZZANO, VINCENT CASABLANCA, a/k/a "Vinny," CASSANO, TOGNINO, JOSEPH DIMARCO, and ANTHONY CAMISA, a/k/a "Anthony the Kid," the defendants, and others known and unknown, were involved in a sports gambling business based in New York and Costa Rica;

3. PARRELLO, JOSEPH MERLINO, a/k/a "Joey," CAMACHO, CAPOLONGO, TOGNINO, CARMINE GALLO, FALCO, and LAURENCE KEITH ALLEN, a/k/a "Keith Allen," the defendants, and others known and unknown, were involved in a sports gambling business through a company named "Costa Rican International Sportsbook," which was based in Costa Rica, but utilized in several states, including, but not limited, to New York, New Jersey, and Florida;

4. PARRELLO, MERLINO, TORRES, NICHOLAS DEVITO, a/k/a "Nicky," CAPOLONGO, FRANK TRAPANI, a/k/a "Harpo," GALLO, and CRAIG BAGON, the defendants, and others known and unknown, were involved in an illegal sports gambling business that was based in New York and Florida; and

5. PARRELLO, MERLINO, VAZZANO, DANIEL MARINO, JR., a/k/a "Danny," and ANTHONY CIRILLO, GALLO, the defendants, and others known and unknown, were involved in an

12

illegal sports gambling business that was based in New York, New Jersey, and Florida.

c. Cigarettes. Receiving, causing others to receive, and profiting from the purchase of contraband cigarettes was part of the regular business of certain members of the East Coast LCN Enterprise, including, but not limited to, PARRELLO, O'NOFRIO, TORRES, ZINZI, VAZZANO, SPIRITO, CASABLANCA, REYNOLD ALBERTI, a/k/a "Randy," TERRACCIANO, JOSEPH TOMANELLI, a/k/a "Joe," CAMACHO, DEVITO, NICHOLAS VUOLO, a/k/a "Nicky the Wig," BRADFORD WEDRA, HAROLD THOMAS, LACAVA, and VINCENT THOMAS, the defendants, and others known and unknown. At various times relevant to this Indictment, the aforementioned defendants obtained, caused others to obtain, and profited from the obtaining of, hundreds of cases of contraband cigarettes, which did not bear a stamp evincing payment of applicable cigarette taxes, with a street value of more than approximately $3 million.

d. Credit Card Fraud Conspiracy. In or around 2012, PARRELLO, TORRES, PASQUALE MAIORINO, a/k/a "Patty Boy," JOHN LEMBO, a/k/a "Johnny," and ALBERTI, the defendants, and others known and unknown, conspired to obtain and use a credit card "skimmer" — a small device that captures and retains unwitting credit card owners' personal identifying information — to steal credit card information and use the information to create new

13

fraudulent credit cards which could, in turn, be used to make unauthorized purchases.

e. Health Care Fraud. At various times relevant to this Indictment, PARRELLO, MERLINO, BALSAMO, CAMACHO, DEVITO, POLI, GALLO, BRAD SIRKIN, a/k/a "Brad," and WAYNE KREISBERG, the defendants, and others known and unknown, with the intent to profit financially, were involved in a scheme targeting providers of health insurance (the "Victim Insurers"), by causing, and causing others to cause, corrupt doctors to issue unnecessary and excessive prescriptions for expensive compound cream ("Prescription Compound Cream") that were then billed to the Victim Insurers. Had the Victim Insurers known the fraudulent nature of the scheme — that wrongful kickbacks were paid to doctors to write, and to patients to request and receive, unnecessary and excessive prescriptions for the Prescription Compound Cream — the Victim Insurers would not have issued reimbursements for the Prescription Compound Cream.

f. Firearms Trafficking. At various times relevant to this Indictment, members of the Enterprise sold at least approximately eleven firearms in furtherance of the Enterprise, and ordered the purchase of approximately at least six firearms for the purpose of reselling the firearms.

g. Kidnapping. In or around January 2014, ANTHONY CAMISA, a/k/a "Anthony the Kid," and others known and unknown,

14

conspired to kidnap and kidnapped at gunpoint an individual who owed CAMISA and others known and unknown money in connection with a gambling debt.

10. On multiple occasions, members of the East Coast LCN Enterprise committed and conspired to commit acts of intimidation, violence, and threats of violence, as means to preserve and protect the power, territory, and financial profits of the Enterprise. For example:

a. Arson. In or about 2011, a bookmaker ("Victim-1") ran a gambling club located near the Yonkers Club. As a result of their nature and proximity, the two clubs were in direct competition with one another. To intimidate Victim-1, and to decrease business at Victim-1's club and thereby increase business at the Yonkers Club, MARK MAIUZZO, a/k/a "Stymie," the defendant, and others known and unknown, on the instruction of ANTHONY ZINZI, a/k/a "Anthony Boy," the defendant, and others known and unknown, set fire to a motor vehicle parked outside of the gambling club run by Victim-1 that MAIUZZO and ZINZI believed belonged to Victim-1.

b. Assault.

i. In on or about June 2011, PASQUALLE PARRELLO, a/k/a "Patsy," a/k/a "Pat," the defendant, owned and operated an Italian restaurant in the Bronx, New York (the "Restaurant"). In or about June 2011, PARRELLO learned of a

15

panhandler who was purportedly harassing customers near the
Restaurant ("Victim-2"). In response, PARRELLO ordered ZINZI,
and others known and unknown, in substance and in part, to
"break his [the panhandler's] knees." Thereafter, ISRAEL
TORRES, a/k/a "Buddy," the defendant, grabbed and verbally
threatened an individual TORRES mistakenly believed was the
above-mentioned panhandler. Shortly thereafter, additional
individuals, known and unknown, who were members of the
Enterprise, located and assaulted Victim-2 with glass jars,
sharp objects, and steel-tipped boots, causing bodily harm.

        ii.    In or about 2013, PARRELLO and TORRES, the
defendants, and others known and unknown, conspired to assault
another individual ("Victim-3") in an act of retaliation, after
Victim-3 had assaulted ANTHONY VAZZANO, a/k/a "Tony the Wig,"
a/k/a "Muscles," the defendant, by stabbing VAZZANO in the neck.

        c.    Extortion. On multiple occasions between at least
in or about December 2011, up to and including in or about March
2014, PARRELLO, CONRAD IANNIELLO, TORRES, ZINZI, VAZZANO, ALEX
CONIGLIARO, RALPH BALSAMO, PASQUALE MAIORINO, a/k/a "Patty Boy,"
JOHN SPIRITO, a/k/a "Johnny Joe," VINCENT CASABLANCA, a/k/a
"Vinny," VINNY TERRACCIANO, a/k/a "Big Vinny," JOSEPH TOMANELLI,
a/k/a "Joe," PASQUALE CAPOLONGO a/k/a "Patsy," a/k/a "Pat C.,"
a/k/a "Mustache Pat," a/k/a "Fish," HAROLD THOMAS, a/k/a
"Harry," and RICHARD LACAVA, a/k/a "Richie," the defendants, and

others known and unknown, committed various acts of extortion, in part, intimidating and threatening harm to individuals for unpaid debts owed to members of the Enterprise or its various gambling operations.

d. Kidnapping. On or about January 30, 2014, ANTHONY CAMISA, a/k/a "Anthony the Kid," and others known and unknown, conspired to kidnap and kidnapped at gunpoint a victim ("Victim-4") who owed CAMISA and others known and unknown money in connection with a gambling debt.

## The Racketeering Conspiracy

11. From at least in or about 2010, up to and including at least in or about June 2016, in the Southern District of New York and elsewhere, PASQUALE PARRELLO, a/k/a "Patsy," a/k/a "Pat," JOSEPH MERLINO, a/k/a "Joey," EUGENE O'NOFRIO, a/k/a "Rooster," CONRAD IANNIELLO, ISRAEL TORRES, a/k/a "Buddy," ANTHONY ZINZI, a/k/a "Anthony Boy," ANTHONY VAZZANO, a/k/a "Tony the Wig," a/k/a "Muscles," ALEX CONIGLIARO, FRANK BARBONE, RALPH BALSAMO, PASQUALE MAIORINO, a/k/a "Patty Boy," JOHN SPIRITO, a/k/a "Johnny Joe," VINCENT CASABLANCA, a/k/a "Vinny," MARCO MINUTO, PAUL CASSANO, a/k/a "Paul Cassone," DANIEL MARINO, JR., a/k/a "Danny," JOHN LEMBO, a/k/a "Johnny," MITCHELL FUSCO, a/k/a "Mitch," REYNOLD ALBERTI, a/k/a "Randy," VINCENT TERRACCIANO, a/k/a "Big Vinny," JOSEPH TOMANELLI, a/k/a "Joe," AGOSTINO

17

CAMACHO, a/k/a "Augie," NICHOLAS DEVITO, a/k/a "Nicky," ANTHONY
CASSETTA, a/k/a "Tony the Cripple," NICHOLAS VUOLO, a/k/a "Nicky
the Wig," BRADFORD WEDRA, MICHAEL POLI, a/k/a "Mike Polio,"
PASQUALE CAPOLONGO, a/k/a "Patsy," a/k/a "Pat C.," a/k/a
"Mustache Pat," a/k/a "Fish," ANTHONY DEPALMA, a/k/a "Harpo,"
a/k/a "Harp," JOHN TOGNINO, a/k/a "Tugboat," MARK MAIUZZO, a/k/a
"Stymie," JOSEPH DIMARCO, HAROLD THOMAS, a/k/a "Harry," RICHARD
LACAVA, a/k/a "Richie," VINCENT THOMAS, a/k/a "Vinny," ANTHONY
CAMISA, a/k/a "Anthony the Kid," FRANK TRAPANI, a/k/a "Harpo,"
ANTHONY CIRILLO, CARMINE GALLO, JOSEPH FALCO, a/k/a "Joe Cub,"
FRANCESCO DEPERGOLA, a/k/a "Frank," RALPH SANTANIELLO, LAURENCE
KEITH ALLEN, a/k/a "Keith Allen," CRAIG BAGON, BRADLEY SIRKIN,
a/k/a "Brad," and WAYNE KREISBERG, the defendants, and others
known and unknown, being persons employed by and associated with
the racketeering enterprise described in Paragraphs 1 through 10
above, namely, the East Coast LCN Enterprise, which enterprise
was engaged in, and the activities of which affected, interstate
and foreign commerce, knowingly combined, conspired,
confederated, and agreed together and with each other to violate
18 U.S.C. § 1962(c), to wit, to conduct and participate,
directly and indirectly, in the conduct of the affairs of that
enterprise through a pattern of racketeering activity, as that
term is defined in Sections 1961(1) and 1961(5) of Title 18,
United States Code, as set forth in Paragraph 12 below, and

18

through the collection of unlawful debts, as defined in Title
18, United States Code, Section 1961(6), as set forth in
Paragraph 14 below.

12.    The pattern of racketeering activity, as defined in
Title 18, United States Code, Sections 1961(1) and 1961(5),
through which the defendants and their co-conspirators agreed to
conduct and participate in the conduct of the affairs of the
enterprise consisted of:

a.    Multiple acts indictable under the following
provisions of federal law:

i.    Title 18, United States Code, Section 1084
(relating to the transmission of gambling information);

ii.    Title 18, United States Code, Section 1951
(relating to interference with commerce, robbery, or extortion);

iii.    Title 18, United States Code, Section 1955
(relating to the prohibition of illegal gambling businesses);

iv.    Title 18, United States Code, Section 2315
(relating to interstate transportation of stolen property);

v.    Title 18, United States Code, Sections 2341
and 2342 (relating to trafficking in contraband cigarettes);

vi.    Title 18, United States Code, Sections 892,
893, and 894 (relating to extortionate credit transactions);

vii.    Title 18, United States Code, Section 1028
(relating to fraud and related activity in connection with

19

identification documents);

      viii.    Title 18, United States Code, Section 1029 (relating to fraud and related activity in connection with access devices);

      ix.    Title 18, United States Code, Section 1341 (relating to mail fraud); and

      x.    Title 18, United States Code, Section 1343 (relating to wire fraud).

      b.    Multiple acts chargeable under state law and punishable by imprisonment for more than one year involving:

      i.    Arson, in violation of New York State Penal Law, Sections 150.05, 150.10, 105.10, and 110.00;

      ii.    Extortion, in violation of New York State Penal Law, Sections 155.40, 105.10, and 110.00;

      iii.    Illegal gambling, in violation of New York Penal Law, Sections 225.00 and 225.10; and

      iv.    Kidnapping, in violation of New York Penal Law, Sections 135.25, 135.20, 105.10, and 110.00.

      13.   It was a part and object of the conspiracy that each of PASQUALE PARRELLO, a/k/a "Patsy," a/k/a "Pat," JOSEPH MERLINO, a/k/a "Joey," EUGENE O'NOFRIO, a/k/a "Rooster," CONRAD IANNIELLO, ISRAEL TORRES, a/k/a "Buddy," ANTHONY ZINZI, a/k/a "Anthony Boy," ANTHONY VAZZANO, a/k/a "Tony the Wig," a/k/a "Muscles," ALEX CONIGLIARO, FRANK BARBONE, RALPH BALSAMO,

20

PASQUALE MAIORINO, a/k/a "Patty Boy," JOHN SPIRITO, a/k/a
"Johnny Joe," VINCENT CASABLANCA, a/k/a "Vinny," MARCO MINUTO,
PAUL CASSANO, a/k/a "Paul Cassone," DANIEL MARINO, JR., a/k/a
"Danny," JOHN LEMBO, a/k/a "Johnny," MITCHELL FUSCO, a/k/a
"Mitch," REYNOLD ALBERTI, a/k/a "Randy," VINCENT TERRACCIANO,
a/k/a "Big Vinny," JOSEPH TOMANELLI, a/k/a "Joe," AGOSTINO
CAMACHO, a/k/a "Augie," NICHOLAS DEVITO, a/k/a "Nicky," ANTHONY
CASSETTA, a/k/a "Tony the Cripple," NICHOLAS VUOLO, a/k/a "Nicky
the Wig," BRADFORD WEDRA, MICHAEL POLI, a/k/a "Mike Polio,"
PASQUALE CAPOLONGO, a/k/a "Patsy," a/k/a "Pat C.," a/k/a
"Mustache Pat," a/k/a "Fish," ANTHONY DEPALMA, a/k/a "Harpo,"
a/k/a "Harp," JOHN TOGNINO, a/k/a "Tugboat," MARK MAIUZZO, a/k/a
"Stymie," JOSEPH DIMARCO, HAROLD THOMAS, a/k/a "Harry," RICHARD
LACAVA, a/k/a "Richie," VINCENT THOMAS, a/k/a "Vinny," ANTHONY
CAMISA, a/k/a "Anthony the Kid," FRANK TRAPANI, a/k/a "Harpo,"
ANTHONY CIRILLO, CARMINE GALLO, JOSEPH FALCO, a/k/a "Joe Cub,"
FRANCESCO DEPERGOLA, a/k/a "Frank," RALPH SANTANIELLO, LAURENCE
KEITH ALLEN, a/k/a "Keith Allen," CRAIG BAGON, BRADLEY SIRKIN,
a/k/a "Brad," and WAYNE KREISBERG, the defendants, and others
known and unknown, agreed that a conspirator would commit at
least two acts of racketeering activity in the conduct of the
affairs of the Enterprise.

14. The collection of unlawful debt through which the
defendants and their coconspirators agreed to conduct and

participate, directly and indirectly, in the conduct of the affairs of the enterprise consisted of the collection from various individuals of unlawful debts, as that term is defined by Title 18, United States Code, Section 1961(6), that is: (a) debts which were incurred and contracted in gambling activity and which were incurred in connection with the business of gambling, which activity and business were in violation of the laws of the United States and the State of New York; and (b) debts which were unenforceable under state and federal law in whole and in part as to principal and interest because of the laws relating to usury and which were incurred in connection with the business of lending money at a rate usurious under state and federal law, where the usurious rate was at least twice the lawfully enforceable rate.

15. It was a further part and object of the conspiracy that each of PASQUALE PARRELLO, a/k/a "Patsy," a/k/a "Pat," JOSEPH MERLINO, a/k/a "Joey," EUGENE O'NOFRIO, a/k/a "Rooster," CONRAD IANNIELLO, ISRAEL TORRES, a/k/a "Buddy," ANTHONY ZINZI, a/k/a "Anthony Boy," ANTHONY VAZZANO, a/k/a "Tony the Wig," a/k/a "Muscles," ALEX CONIGLIARO, FRANK BARBONE, RALPH BALSAMO, PASQUALE MAIORINO, a/k/a "Patty Boy," JOHN SPIRITO, a/k/a "Johnny Joe," VINCENT CASABLANCA, a/k/a "Vinny," MARCO MINUTO, PAUL CASSANO, a/k/a "Paul Cassone," DANIEL MARINO, JR., a/k/a "Danny," JOHN LEMBO, a/k/a "Johnny," MITCHELL FUSCO, a/k/a

22

"Mitch," REYNOLD ALBERTI, a/k/a "Randy," VINCENT TERRACCIANO, a/k/a "Big Vinny," JOSEPH TOMANELLI, a/k/a "Joe," AGOSTINO CAMACHO, a/k/a "Augie," NICHOLAS DEVITO, a/k/a "Nicky," ANTHONY CASSETTA, a/k/a "Tony the Cripple," NICHOLAS VUOLO, a/k/a "Nicky the Wig," BRADFORD WEDRA, MICHAEL POLI, a/k/a "Mike Polio," PASQUALE CAPOLONGO, a/k/a "Patsy," a/k/a "Pat C.," a/k/a "Mustache Pat," a/k/a "Fish," ANTHONY DEPALMA, a/k/a "Harpo," a/k/a "Harp," JOHN TOGNINO, a/k/a "Tugboat," MARK MAIUZZO, a/k/a "Stymie," JOSEPH DIMARCO, HAROLD THOMAS, a/k/a "Harry," RICHARD LACAVA, a/k/a "Richie," VINCENT THOMAS, a/k/a "Vinny," ANTHONY CAMISA, a/k/a "Anthony the Kid," FRANK TRAPANI, a/k/a "Harpo," ANTHONY CIRILLO, CARMINE GALLO, JOSEPH FALCO, a/k/a "Joe Cub," FRANCESCO DEPERGOLA, a/k/a "Frank," RALPH SANTANIELLO, LAURENCE KEITH ALLEN, a/k/a "Keith Allen," CRAIG BAGON, BRADLEY SIRKIN, a/k/a "Brad," and WAYNE KREISBERG, the defendants, and others known and unknown, agreed that a conspirator would commit at least one collection of unlawful debt in the conduct of the affairs of the Enterprise.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO

**(Conspiracy to Commit Assault in Aid of Racketeering)**

The Grand Jury further charges:

16. At all times relevant to this Indictment, the East Coast LCN Enterprise, including its leadership, membership, and

23

associates, as more fully described in Paragraphs One through Ten of Count One of this Indictment, which are realleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce. As demonstrated by their ongoing coordination, communication, and efforts to work together, the Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

17. At all times relevant to this Indictment, the above-described Enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely acts and threats involving arson, extortion, and gambling in violation of New York Penal Law and punishable by imprisonment for more than one year; and acts indictable under Title 18, United States Code, Sections 892, 893, and 894 (relating to extortionate credit transactions); 1028 (relating to fraud and related activity in connection with identification documents); 1029 (relating to fraud and related activity in connection with access devices); 1084 (relating to the transmission of gambling information); 1341 (relating to mail fraud); 1343 (relating to

wire fraud); 1951 (relating to interference with commerce, robbery, or extortion); 1955 (relating to the prohibition of illegal gambling businesses); 2315 (relating to interstate transportation of stolen property); and 2341 and 2342 (relating to trafficking in contraband cigarettes).

18. From at least in or about January 2013, up to and including at least in or about April 2013, in the Southern District of New York and elsewhere, PASQUALE PARRELLO, a/k/a "Patsy," and ISRAEL TORRES, a/k/a "Buddy," the defendants, and others known and unknown, for the purpose of maintaining and increasing position in the East Coast LCN Enterprise, an enterprise engaged in racketeering activity, as described above, knowingly conspired to assault an individual ("Victim-3") with a dangerous weapon and to commit an assault resulting in serious bodily injury to Victim-3, to wit, PARRELLO and TORRES agreed with others to assault Victim-3 with a pipe and to maim Victim-3, in violation of New York State Penal Law, Sections 120.05 and 120.00.

(Title 18, United States Code, Section 1959(a)(6).)

## COUNT THREE

### (Use of Fire to Commit a Felony)

The Grand Jury further charges:

19. On or about March 7, 2011, in the Southern District of New York and elsewhere, MARK MAIUZZO, a/k/a "Stymie," and

25

ANTHONY ZINZI, a/k/a "Anthony Boy," the defendants, and others known and unknown, knowingly used fire and an explosive to commit a felony which may be prosecuted in a court of the United States, to wit, MAIUZZO and others known and unknown, on the instruction of ZINZI, set fire to a vehicle in Yonkers, New York in furtherance of the racketeering conspiracy charged in Count One of this Indictment.

(Title 18, United States Code, Sections 844(h) and 2.)

## COUNT FOUR

### (Firearms Trafficking)

The Grand Jury further charges:

20. From at least in or about January 2012, up to and including in or about March 2012, in the Southern District of New York and elsewhere, MITCHELL FUSCO, a/k/a "Mitch," the defendant, not being a licensed importer, licensed manufacturer, or licensed dealer, knowingly did engage in the business of importing, manufacturing, and dealing in firearms, and in the course of such business did ship, transport, and receive firearms in interstate and foreign commerce, to wit, FUSCO sold, offered to sell, and arranged to sell firearms and ammunition on multiple occasions.

(Title 18, United States Code, Sections 922(a)(1)(A) and 2.)

## COUNT FIVE

### (Kidnapping in Aid of Racketeering)

The Grand Jury further charges:

21. Paragraphs 16 and 17 of this Indictment are realleged and incorporated by reference as though fully set forth herein. On or about January 30, 2014, in the Southern District of New York and elsewhere, ANTHONY CAMISA, a/k/a "Anthony the Kid," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the East Coast LCN Enterprise, and for the purpose of maintaining and increasing position in the East Coast LCN Enterprise, as described above, an enterprise engaged in racketeering activity knowingly kidnapped an individual ("Victim-4"), to wit, CAMISA and others known and unknown, using a firearm, kidnapped Victim-4 with the purpose of recouping a gambling debt owed by Victim-4 to CAMISA and others, in violation of New York Penal Law, Sections, 135.25, 135.20 and in violation of Title 18, United States Code, Section 1201(a)(1).

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT SIX

### (Use of a Firearm)

The Grand Jury further charges:

22. From at least in or about Winter 2013 through at least on or about January 30, 2014, in the Southern District of New York and elsewhere, ANTHONY CAMISA, a/k/a "Anthony Kid," the defendant, and others known and unknown, during and in relation to crimes of violence for which he may be prosecuted in a court of the United States, namely, the racketeering conspiracy charged in Count One of this Indictment and the kidnapping charged in Count Five of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crimes of violence, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were brandished.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), (ii), and 2.)

## COUNT SEVEN

### (Felon in Possession of Firearms)

The Grand Jury further charges:

23. On or about August 4, 2016, in the Southern District of New York, and elsewhere, ANTHONY ZINZI, the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce firearms, to wit, a Savage

model 775A 12-gauge shotgun and a Smith & Wesson .38 caliber revolver, both of which had previously been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1).)

## FORFEITURE ALLEGATION

24. The allegations contained in Count One of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963, and Title 28, United States Code, Section 2461(c). Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to PASQUALE PARRELLO, a/k/a "Patsy," a/k/a "Pat," JOSEPH MERLINO, a/k/a "Joey," EUGENE O'NOFRIO, a/k/a "Rooster," CONRAD IANNIELLO, ISRAEL TORRES, a/k/a "Buddy," ANTHONY ZINZI, a/k/a "Anthony Boy," ANTHONY VAZZANO, a/k/a "Tony the Wig," a/k/a "Muscles," ALEX CONIGLIARO, FRANK BARBONE, RALPH BALSAMO, PASQUALE MAIORINO, a/k/a "Patty Boy," JOHN SPIRITO, a/k/a "Johnny Joe," VINCENT CASABLANCA, a/k/a "Vinny," MARCO MINUTO, PAUL CASSANO, a/k/a "Paul Cassone," DANIEL MARINO, JR., a/k/a "Danny," JOHN LEMBO, a/k/a "Johnny," MITCHELL FUSCO, a/k/a "Mitch," REYNOLD ALBERTI, a/k/a "Randy," VINCENT TERRACCIANO, a/k/a "Big Vinny," JOSEPH TOMANELLI, a/k/a "Joe," AGOSTINO CAMACHO, a/k/a "Augie," NICHOLAS DEVITO, a/k/a

"Nicky," ANTHONY CASSETTA, a/k/a "Tony the Cripple," NICHOLAS VUOLO, a/k/a "Nicky the Wig," BRADFORD WEDRA, MICHAEL POLI, a/k/a "Mike Polio," PASQUALE CAPOLONGO, a/k/a "Patsy," a/k/a "Pat C.," a/k/a "Mustache Pat," a/k/a "Fish," ANTHONY DEPALMA, a/k/a "Harpo," a/k/a "Harp," JOHN TOGNINO, a/k/a "Tugboat," MARK MAIUZZO, a/k/a "Stymie," JOSEPH DIMARCO, HAROLD THOMAS, a/k/a "Harry," RICHARD LACAVA, a/k/a "Richie," VINCENT THOMAS, a/k/a "Vinny," ANTHONY CAMISA, a/k/a "Anthony the Kid," FRANK TRAPANI, a/k/a "Harpo," ANTHONY CIRILLO, CARMINE GALLO, JOSEPH FALCO, a/k/a "Joe Cub," FRANCESCO DEPERGOLA, a/k/a "Frank," RALPH SANTANIELLO, LAURENCE KEITH ALLEN, a/k/a "Keith Allen," CRAIG BAGON, BRADLEY SIRKIN, a/k/a "Brad," and WAYNE KREISBERG, the defendants, that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any defendant's conviction under Count One of this Indictment.

25. PASQUALE PARRELLO, a/k/a "Patsy," a/k/a "Pat," JOSEPH MERLINO, a/k/a "Joey," EUGENE O'NOFRIO, a/k/a "Rooster," CONRAD IANNIELLO, ISRAEL TORRES, a/k/a "Buddy," ANTHONY ZINZI, a/k/a "Anthony Boy," ANTHONY VAZZANO, a/k/a "Tony the Wig," a/k/a "Muscles," ALEX CONIGLIARO, FRANK BARBONE, RALPH BALSAMO, PASQUALE MAIORINO, a/k/a "Patty Boy," JOHN SPIRITO, a/k/a "Johnny Joe," VINCENT CASABLANCA, a/k/a "Vinny," MARCO MINUTO, PAUL CASSANO, a/k/a "Paul Cassone," DANIEL MARINO, JR., a/k/a

"Danny," JOHN LEMBO, a/k/a "Johnny," MITCHELL FUSCO, a/k/a
"Mitch," REYNOLD ALBERTI, a/k/a "Randy," VINCENT TERRACCIANO,
a/k/a "Big Vinny," JOSEPH TOMANELLI, a/k/a "Joe," AGOSTINO
CAMACHO, a/k/a "Augie," NICHOLAS DEVITO, a/k/a "Nicky," ANTHONY
CASSETTA, a/k/a "Tony the Cripple," NICHOLAS VUOLO, a/k/a "Nicky
the Wig," BRADFORD WEDRA, MICHAEL POLI, a/k/a "Mike Polio,"
PASQUALE CAPOLONGO, a/k/a "Patsy," a/k/a "Pat C.," a/k/a
"Mustache Pat," a/k/a "Fish," ANTHONY DEPALMA, a/k/a "Harpo,"
a/k/a "Harp," JOHN TOGNINO, a/k/a "Tugboat," MARK MAIUZZO, a/k/a
"Stymie," JOSEPH DIMARCO, HAROLD THOMAS, a/k/a "Harry," RICHARD
LACAVA, a/k/a "Richie," VINCENT THOMAS, a/k/a "Vinny," ANTHONY
CAMISA, a/k/a "Anthony the Kid," FRANK TRAPANI, a/k/a "Harpo,"
ANTHONY CIRILLO, CARMINE GALLO, JOSEPH FALCO, a/k/a "Joe Cub,"
FRANCESCO DEPERGOLA, a/k/a "Frank," RALPH SANTANIELLO, LAURENCE
KEITH ALLEN, a/k/a "Keith Allen," CRAIG BAGON, BRADLEY SIRKIN,
a/k/a "Brad," and WAYNE KREISBERG, the defendants:

      a.    have acquired and maintained interests in
violation of Title 18, United States Code, Section 1962, which
interests are subject to forfeiture to the United States
pursuant to Title 18, United States Code, Section 1963(a)(1);

      b.    have an interest in, security of, claim against,
and property and contractual rights which afford a source of
influence over, the Enterprise named and described herein which
the above-named defendants established, operated, controlled,

31

conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and/or

c. have property constituting and derived from proceeds obtained, directly and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

26. The interests of the above-named defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a) include the amount of gross proceeds received by the defendants derived from racketeering activities as alleged in Count One of this Indictment.

27. The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

## Substitute Asset Provision

28. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 1963(m), and 28 U.S.C. § 2461, to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1963.)

FOREPERSON

JOON H. KIM
Acting United States Attorney

33

UNITED STATES OF AMERICA

v.

PASQUALE PARRELLO, a/k/a "Patsy," a/k/a "Pat,"
JOSEPH MERLINO, a/k/a "Joey,"
EUGENE O'NOFRIO, a/k/a "Rooster,"
CONRAD IANNIELLO,
ISRAEL TORRES, a/k/a "Buddy,"
ANTHONY ZINZI, a/k/a "Anthony Boy,"
ANTHONY VAZZANO, a/k/a "Tony the Wig," a/k/a "Muscles,"
ALEX CONIGLIARO,
FRANK BARBONE,
RALPH BALSAMO,
PASQUALE MAIORINO, a/k/a "Patty Boy,"
JOHN SPIRITO, a/k/a "Johnny Joe,"
VINCENT CASABLANCA, a/k/a "Vinny,"
MARCO MINUTO,
PAUL CASSANO, a/k/a "Paul Cassone,"
DANIEL MARINO, JR., a/k/a "Danny,"
JOHN LEMBO, a/k/a "Johnny,"
MITCHELL FUSCO, a/k/a "Mitch,"
REYNOLD ALBERTI, a/k/a "Randy,"
VINCENT TERRACCIANO, a/k/a "Big Vinny,"
JOSEPH TOMANELLI, a/k/a "Joe,"
AGOSTINO CAMACHO, a/k/a "Augie,"
NICHOLAS DEVITO, a/k/a "Nicky,"
ANTHONY CASSETTA, a/k/a "Tony the Cripple,"
NICHOLAS VUOLO, a/k/a "Nicky the Wig,"
BRADFORD WEDRA,
MICHAEL POLI, a/k/a "Mike Polio,"
PASQUALE CAPOLONGO, a/k/a "Patsy," a/k/a "Pat C.,"
a/k/a "Mustache Pat," a/k/a "Fish,"
ANTHONY DEPALMA, a/k/a "Harpo," a/k/a "Harp,"
JOHN TOGNINO, a/k/a "Tugboat,"
MARK MAIUZZO, a/k/a "Stymie,"
JOSEPH DIMARCO,
HAROLD THOMAS, a/k/a "Harry,"
RICHARD LACAVA, a/k/a "Richie,"
VINCENT THOMAS, a/k/a "Vinny,"

ANTHONY CAMISA, a/k/a "Anthony the Kid,"
FRANK TRAPANI, a/k/a "Harpo,"
ANTHONY CIRILLO,
CARMINE GALLO,
JOSEPH FALCO, a/k/a "Joe Cub,"
FRANCESCO DEPERGOLA, a/k/a "Frank,"
RALPH SANTANIELLO,
LAURENCE KEITH ALLEN, a/k/a "Keith Allen,"
CRAIG BAGON,
BRADLEY SIRKIN, a/k/a "Brad," and
WAYNE KREISBERG,

Defendants.

## SEALED INDICTMENT

S1 16 Cr. 522 (RJS)

(18 U.S.C. §§ 844, 922, 924, 1959, 1962, 1963, and 2.)

JOON H. KIM
Acting United States Attorney

Foreperson

3/20/17   Fld. Supersedius Indictment
            fridman, USMJ

35